UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSETTS

| | |
|---|---|
| ERIC J. OSTROFF, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| SP PROCESSING, LLC., US DOC ASSIST, LLC., AND SUREN PRASAD, | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

Plaintiff, Eric J. Ostroff ("Ostroff"), by and through his attorney, Thomas Faiella, Esquire, allege as follows:

1. This is an action brought for violations of the federal Fair Debt Collection Practices Act as codified in 15 U.S.C. §1692 et al. and violations of Massachusetts General Laws, Chapter 93 § 49.

**VENUE AND JURISDICTION**

2. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this district because Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff is an adult male and resident of Worcester, Massachusetts.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant, SP Processing, LLC, according to the Arizona Secretary of State registry, is an active Arizona Domestic LLC, operating as a collection agency, with an address listed at 3507 N. Central Avenue, Us Doc Assist, LLC, Suite 403, Phoenix, Arizona.

7. Defendant, Us Doc Assist, LLC, according to the Arizona Secretary of State registry, is an active Arizona Domestic LLC, upon information and belief, is the parent company of Defendant SP Processing, LLC, and operating as the "registered agent" and manager for at least 40 different domestic Arizona companies, each of which lists its address c/o Us Doc Assist, LLC, at 3507 N. Central Avenue, Suite 403, Phoenix, Arizona.

8. Defendant, Suren Prasad is the principal member of both corporate defendants and lists his address as 23227 Reed Way, Hayward, California.  Upon information and belief, Defendant Suren Prasad is the principal member of all the companies under Us Doc Assist, LLC's umbrella of related ventures.

9. Upon information and belief, Defendants do not maintain any offices in Massachusetts.

10. Defendants are all "persons" as defined by 47 U.S.C. §153(39).

11. Defendants regularly uses the mail and telephone systems in conducting their business.

12. Upon information and belief, Defendants' principal business purpose is the collection of debts, Defendants regularly engage in aggressive debt collection practices on a nationwide basis in the recovery of alleged overdue consumer payment obligations alleged to be due to another.

13. Defendants are "Debt Collectors" as defined by 15 U.S.C. §1692a(6).

14. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

15. Plaintiff reserves the right to amend the Complaint should pertinent facts become known at a later time.

16. Plaintiff is an unsophisticated consumer.

17. The instant action arises out of Defendants' attempts to collect upon an undescribed outstanding consumer debt obligation allegedly owed by Plaintiff.

18. On or about October 8, 2020, Defendant, SP Processing, LLC, issued a text message to Plaintiff's cellphone, identifying themselves as SPS and stating they were contacting Plaintiff "with information regarding a package delivered to Eric J. Ostroff, have we reached the right number?"

19. At that time, the only package Plaintiff had received was an unrelated UPS letter.

20. Upon calling the number associated with the text, the person answering the phone stated the sender was SP Processing and identified the company as a debt collection and information company.

21. Plaintiff was able to confirm both he and members of his family had received mysterious text messages from this same company.

22. The text messages sent to Plaintiff's family members all were attempts to gather information about Plaintiff.

23. In fact, one message sent by Defendant, SP Processing, LLC to Plaintiff's brother claimed to be of such an urgent nature, they needed to be contacted immediately.

24. Plaintiff has received several additional text from different numbers, all describing the same ruse as to necessary information required for a package.

25. Some of the numbers sending the texts are from states other than Arizona, such as Rhode Island or Connecticut.

26. After diligently investigating this matter, it was discovered Defendant, SP Processing, LLC, is a debt collecting agency, which uses robocalling to get a debtor to contact them or to harass non-debtors to give them current information about a debtor.

27. Upon information and belief, further inquiry indicated Defendant, SP Processing, LLC, will not cease the robocalling even after a consumer requests they stop calling.

28. Research into the phone numbers sending the text messages, showed all the calls were eventually connected to a company where Defendant Us Doc Assist, LLC is listed as the registered agent.

29. All companies where Defendant Us Doc Assist, LLC is listed as the registered agent for the company, are registered and licensed as having the exact same physical address, including suite number, as defendant Us Doc Assist, LLC.

30. Defendant Suren Prasad is the managing member of each of the Us Doc Assist, LLC entities, including Defendants SP Processing, LLC and Us Doc Assist, LLC and upon information and belief, formed each entity as an alter ego for himself.

31. Upon information and belief, the alleged debts Defendants attempt to collect are incurred for personal, family or household purposes. These would include medical, credit card and other types of consumer debts.

32. Upon information and belief, Defendants' actions are part of a scheme to hide their illegal activities in their relentless pursuit in trying to collect a debt or to obtain personal information about Plaintiff.

33. Defendants' actions, regardless of intent, were abusive, harassing, deceptive, unfair, misleading, harmful and inappropriate.

34. Plaintiff has suffered concrete harm as a result of Defendants' actions including, but not limited to, undue stress, confusion and aggravation.

35. Defendants' abusive, harassing, misleading and deceptive conduct materially impacted and shaped Plaintiff's reactions and course of conduct in response to Defendants' collection efforts.

36. Plaintiff has suffered actual financial loss, including expending costs and assets in dealing with Defendants' conduct.

37. Plaintiff has further been unnecessarily confused and concerned given Defendants' violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendants' conduct.

38. Because of the connectivity of the Defendants and the overt scheme to shield each other from any liability for the activities, the Defendants are joint and severally liable for all damages incurred by Plaintiff.

## COUNT I – FDCPA

39. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Defendants are each a "debt collector" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including consumer accounts and regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42. Defendants, as part of their regular business, engage in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of their business.

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. The process used by the Defendants in their relentless sending of deceptive text messages to Plaintiff and members of Plaintiff's family is a prohibited, harassing, false and misleading, deceptive and unfair practice in violation of 15 U.S.C. §§ 1692b(1) and (3), 1692d(6), 1692e(10),(11) and (14), 1692f(1) and §1692g.

45. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), 2(A), and in amount to be determined at trial by jury: and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II – CHAPTER 93 § 49

46. Part I, Title XV, Chapter 93, Section 49 of the Massachusetts General Laws prohibit any creditor or assignee of a creditor, from using unfair, deceptive or any unreasonable manner to collect a debt from a natural person present or residing in Massachusetts, who has incurred a debt primarily for personal, family or household purposes.

47. The process used by the Defendants in their relentless sending of deceptive text messages to Plaintiff and members of Plaintiff's family is a prohibited, harassing, false and misleading, deceptive and unfair practice in violation of M.L.G. c. 93A.

48. All of Defendants' unfair and deceptive practices were willful and knowing within the meaning of M.L.G. c. 93A.

### COUNT III – DECLARATORY AND EQUITABLE RELIEF

49. Defendants regularly engage in willful and knowing illegal, deceptive and unfair practices against consumers who are residents of Massachusetts.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendants for:

(1) Statutory damages;

(2) Actual damages equal to any pecuniary loses of Plaintiff;

(3) Treble damages for violations of M.G.L. c. 93A;

(4) Attorneys' fees, litigation expenses and costs of suit;

(5) Compensatory, nominal and punitive damages;

(6) A declaration Defendants may not engage in illegal, deceptive and unfair debt collection tactics and practices as outlined by the FDCPA and Massachusetts Law;

(7) An injunction prohibiting Defendants from engaging in such collection tactics;

(8) Such other and further relief as appropriate.

### TRIAL BY JURY IS DEMANDED

Dated: November 11, 2020 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　s/ Thomas Faiella_____ (Lead Attorney)
　　　　　　　　　　　　　　　　　　Thomas Faiella, Esq. Mass. BBO #686305
　　　　　　　　　　　　　　　　　　Recovery Law Group
　　　　　　　　　　　　　　　　　　90 Canal Street, 4th Floor
　　　　　　　　　　　　　　　　　　Boston, MA 02114
　　　　　　　　　　　　　　　　　　(603)724-0322
　　　　　　　　　　　　　　　　　　tfaiella@recoverylawgroup.com

　　　　　　　　　　　　　　　　　　Recovery Law Group, APC
　　　　　　　　　　　　　　　　　　6167 Bristol Parkway, Suite 200
　　　　　　　　　　　　　　　　　　Culver City, CA 90230-6649
　　　　　　　　　　　　　　　　　　(310) 997-0471 (phone)
　　　　　　　　　　　　　　　　　　(866) 286-8433 (fax)
　　　　　　　　　　　　　　　　　　pmulcahy@recoverylawgroup.com